**FIRST NATL. BANK OF BOSTON v STONE et**

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 10,891. Decided Nov. 4th, 1931.

Squire, Sanders and Dempsey, Cleveland, for plaintiff.

Dustin, McKeehan, Merrick, Arter and Stewart, Cleveland, for cross-petitioner.

Mooney, Hahn, Loeser, Keough and Beam, Cleveland, for defendants.

MIDDLETON, PJ., MAUCK and BLOSSER, JJ., (4th District) sitting by designation.

**OPINION**

By MAUCK, J.

The First National Bank of Boston by its petition in the Common Pleas set up the recovery by it of a judgment for a large amount against Isaac Stone and Arthur A. Stone. It pleaded that it had been unable to reach any property by execution and averred that the judgment debtors were beneficiaries under the last will and testament of Moritz C. Stone, and that the defendants, Central National Bank Savings & Trust Company and Edgar A. Hahn, as trustees under the will of Moritz C. Stone, had in their possession property subject to the payment of plaintiff's judgment. Subsequently The Central-United National Bank of Cleveland, the same corporation which under another name had been made a party defendant to the action, filed a cross-petition alleging that it was likewise a judgment creditor in a large amount of the defendants Isaac Stone and Arthur A. Stone, and that Edgar A. Hahn as trustee under the will of Moritz C. Stone had in his possession property of the judgment debtors subject to the payment of said judgment. Issue was joined upon these pleadings. The trial court found that Isaac Stone and Arthur A. Stone were each vested with a definite interest in the corpus of certain funds in the hands of Edgar A. Hahn, trustee. and decreed that the same be subjected to liens in favor of the plaintiff and the cross-petitioner, enjoined the trustee from delivering to the judgment creditors such corpus, and required said trustee to account therefor to the court of common pleas for the benefit of such judgment creditors. From this decree an appeal was taken to this court, where the case has been submitted upon agreed facts. The facts are that Moritz C. Stone died June 6, 1923, leaving a last will and testament, and survived by a number of children, of whom Isaac Stone and Arthur A. Stone were two. By this will he created a trust for the benefit of his children, and it is on the share in the corpus of that trust claimed to belong to Isaac and Arthur A. Stone that the plaintiff and cross-petitioner now seek to impress a lien. The testator designated The Central-National Bank Savings and Trust Company and Edgar A. Hahn testamentary trustees. The bank resigned as such trustee in 1928, since which time Mr. Hahn has been the sole trustee. The question at issue is whether or not Isaac Stone and Arthur A. Stone have such a present interest in the property disposed of by their father's will that a court of equity may now impress the same with a lien to be realized on at the termination of the trust.

The first inquiry in this connection is whether any interest in the corpus of the estate vested in the named beneficiaries upon the probate of the will.

There has been cited to us a wealth of authorities in briefs that constitute available treatises on the law involved. We can not here review them.

To analyze, or re-analyze the Ohio cases, beginning with **Sinton v Boyd, 19 Oh St 30,** inclining to

the view that the estate in the beneficiaries were contingent, or the other line of decisions from Linton v Laycock, 33 Oh St 128, on down to Tax Commission v Oswald, 109 Oh St 36, inclining to the view that the estate was vested, would be of no avail to learned counsel, quite familiar with all the authorities referred to.

Bearing in mind that we are in the end concerned only with the corpus of the trust, and not the income, and that such corpus passes by virtue of the ninth paragraph of Item 5 of the will, let us see how the testator expresses his testamentary purposes in the earlier parts of the will. After some preliminary provisions and special bequests, the testator by the fourth item of his will devised and bequeathed all the residue of his estate to a corporation formed by him and known as The M. C. Stone Company. By the fifth item he gives all the shares of stock in this corporation to his trustee for the uses detailed in that item by the several paragraphs following. The first, second, third and fourth of these paragraphs relate to the management of the corporation, the powers of the trustee in relation thereto, the payment of debts, and the reinvestment of corporate funds. The fifth paragraph provides for the distribution of the earnings on the stock among the testator's children. The sixth paragraph, as more definitely appears hereafter, provides for the distribution of any child's interest, should such child die before the termination of the trust. The seventh reserves a charge against the interest of any child to whom the testator might advance either money or credit after the making of the will. The eighth paragraph provides against any beneficiary aliening or encumbering "the benefits of income or principal herein credited" during

the existence of the trust, and further provides that if he does so, or if by reason of insolvency, et cetera, such share might otherwise vest in another, then the income and "the principal otherwise hereinbefore provided for" should thereafter be held and distributed by the trustee in accordance with the trustee's discretion.

The ninth paragraph, the one under which the corpus passes, and the last dispositive provision of the will, provides that the trust shall terminate fifteen years after the testator's death and that "the shares of stock and/or other property then comprised in said trust estate in the hands of said trustees shall be distributed among my said children" in the proportions indicated, which were that Isaac Stone should receive two and one-half parts, and Arthur C. Stone two and one-half parts of the total of twenty such parts.

The policy of this state is that estates are to be deemed vested rather than contingent. The inference that the testator contemplated a vested estate rather than a contingent one loses much of its force where the testator has failed to employ words in praesenti indicating a direct gift, but has instead provided that the trustee shall divide and distribute his estate at some future time. Barr v Denny, 79 Oh St 358.

It is necessary therefore to examine the entire will for the purpose of ascertaining what other expressions, if any, the testator used to indicate his intention to invest or not invest his children with an interest in the corpus of the trust. The most striking expression of the testator in this connection is found in the seventh paragraph of the fifth item. In that paragraph the testator was con-

templating the possibility that he he might, after the making of the will, make loans to his children. In such case, he says, such loans "shall be charged against the share of the child to whom █ the same shall have been made." This provision we deem to be decisive of the testator's intention, and therefore decisive of the question immediately under consideration. If the child could by borrowing money of his father charge the interest which he was to get in the trust with a lien, it was only because such child was to have a vested interest in the share so to be charged. It would be an anomalous situation if a beneficiary should have an estate that could support a lien in favor of the executor and yet such an estate as to be beyond the power of a court of equity to sequestrate in a proper proceeding. Other language in the same paragraph relating to the same subject matter bears equally clearly upon the testator's intention in this respect.

Again in the sixth paragraph of the same item the testator contemplates the possibility of the death of some of his children intestate, unmarried and without issue within the life of the trust, and when he undertakes to dispose of his property under such contingencies he does so by providing for the disposition of "the share of such deceased child" indicating, of course, that the child has a share of which he might be divested under some of the conditions stipulated, and throughout this paragraph there is a recurrence of language indicating that after the probate of the will each child was referred to as having a share in the estate. In the fifth paragraph the testator refers to the interests of Alvin Stone, Harry Stone and Hilda Stone as shares which he has given to them, and of course if he had given shares to them he had given shares to the judgment debtors in this case.

Other expressions with which counsel are familiar might be cited indicating the testator's belief that he was bestowing upon the parties named vested interests, all subject to divestiture upon the occurrence of any of the conditions subsequent, mentioned in the sixth, seventh and eighth paragraphs of item five.

It is argued, however, that it is a vain thing to impress a lien upon the interest of the judgment debtors in this trust, for it is said that even though their interests be vested, and the provisions of the eighth paragraph of item five of the will be such as to impose conditions subsequent rather than conditions precedent, still when such lien is impressed the interest of the judgment debtors is forfeited by the subsequent terms of that paragraph, so that the very lien sought will, when effected, of its own vigor destroy the estate to which it attaches. The judgment creditors answer with much force that it is beyond the power of the testator to vest an estate in his beneficiary and then place the principal or corpus of such estate beyond the reach of the beneficiary's creditors, and that any such attempted restraint is void. 25 R.C. L. 356; Pottery v Couch, 141 U. S. 296; **Hobbs v Smith, 15 Oh St 419.** Here arises an interesting question.

If we accorded to the provisions of the eighth paragraph of the fifth item the interpretation placed thereon by the judgment debtors, it would be necessary to determine the question suggested. In the view we take of the paragraph mentioned, however, that is not necessary. What the testator provided in that paragraph was that none of the benefits of income and principal in the trust should

be assigned, alienated, disposed of or encumbered during the life of the trust. He further provided that if any such beneficiary should in any manner encumber his share, or if on account of the beneficiary's insolvency "or other event happening" either the income or principal should but for the provisions of item eight become vested in other persons, then the trust in behalf of such beneficiary should cease. Then followed the provision for forfeiture. It did not provide that the beneficiary so offending should forfeit all his rights under the will. It only operated as a forfeiture of such income and such principal as had been provided for such beneficiary by the preceding provisions of the will. The preceding provisions of the will made a distribution of all of the income, and such income the language referred to undertook to forfeit. The preceding provisions, had in the sixth paragraph, also provided for the distribution of a part of the principal of the estate, to-wit: the principal share devised to any child who died during the life of the trust.

Our view is that none of the injunctions laid down by the testator in the eighth paragraph of his will have been violated by the judgment debtors, or will ▉▉▉▉▉▉ have been violated if this court impresses the trust with the lien sought by the plaintiff and the cross-petitioner. The fixing of this lien is not an assignment, alienation or an encumbrance effected by the beneficiary, and it is therefore not within the condemnation of the first part of paragraph eight. It is not an act of bankruptcy, insolvency, "or other event happening," ejusdem generis, by which a share of any beneficiary has become vested in another person, for the lien proposed in this action would not divest the beneficiary of any inter-

est he has during the trust, or be capable of divesting him of it until after the termination of the trust. If, however, we are wrong in our interpretation of the injunctions imposed by the eighth paragraph, and if the lien sought in this action were a violation of any of the injunctions referred to, still there can be no forfeiture except of all the income and such part of the principal as owe their existence to earlier provisions in the will than the eighth item thereof. For even though the testator inveighed against the contemplated lien against the principal, he clearly made no forfeiture or no gift over of that part of the principal that passes under the ninth paragraph.

Our conclusion is that the testator vested the principal in his children, subject to divestiture; that divestiture does not follow from the impressment of the lien sought.

A like decree may be entered here as was entered in the Common Pleas.

Decree for plaintiff and cross-petitioner.

MIDDLETON, PJ. and BLOSSER, J., concur.